**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0202n.06

**No. 10-1554**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| INTERNATIONAL MILLENNIUM CONSULTANTS, INC., | ) ) ) | **FILED**<br><br>*Feb 21, 2012*<br><br>LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| TAYCOM BUSINESS SOLUTIONS, | ) ) | |
| Defendant, | ) ) | |
| DANTE BISHOP, | ) ) | |
| Defendant-Appellant. | ) | |

Before: GIBBONS, STRANCH, and ROTH, Circuit Judges.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant–appellant, Dante Bishop ("Bishop"), appeals the district court's order granting plaintiff–appellee's, International Millennium Consultants, Inc. ("IMC"), motion to pierce the corporate veil of defendant Taycom Business Solutions ("Taycom") in order to hold its owner, Bishop, liable for an arbitration award entered against Taycom. For the following reasons, we vacate the district court's order and remand.

---

[*]The Honorable Jane R. Roth, United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

-1-

I.

In October 2007, Taycom entered into a subcontract agreement to provide consulting services to Federal-Mogul Corporation ("Federal-Mogul"). Later that month, IMC entered into a written subcontract purchase order with Taycom to provide consulting services for the Federal-Mogul project. Essentially, Federal-Mogul subcontracted with Taycom to find talent, and Taycom subcontracted with IMC to complete this process. Federal-Mogul paid Taycom, and Taycom paid IMC.

On March 26, 2008, IMC filed suit against Taycom—but not its owner, Bishop—for breach of contract for "refus[ing] to pay IMC's previously issued invoices for services provided under the purchase order, which invoices total $91,300." A summons issued on that same day, notifying Taycom that it was being sued by IMC. On April 11, 2008, the Summons and Complaint were served upon Taycom. The return of service form lists Taycom as the "Defendant Served," and handwritten next to Taycom is "Dante Bishop - President," presumably because the Summons and Complaint were actually given to Bishop as the president of the defendant, Taycom. On May 2, 2008, Taycom filed a counterclaim against IMC for breach of contract—because IMC "arrang[ed] for direct placement of personnel with clients of Taycom's"—and tortious interference with business relations—because "IMC's wrongful interference caused Federal Mogul and Merrilat to cease doing business with Taycom."

The district court granted IMC's motion to compel arbitration pursuant to the Federal Arbitration Act and to stay proceedings in the district court. The dispute was submitted to the American Arbitration Association as the matter between "International Millennium Consultants, Inc.

and Taycom Business Solutions, Inc. and Dante V. Bishop." The resulting arbitration award was

as follows:

> As to the claims of Claimant:
> 1. In favor of [IMC] and against [Taycom] for breach of its payment obligation, including pre-judgment interest, in the amount of $97,109.10.
> 2. Zero dollars against [Taycom] and Dante V. Bishop for fraudulent and/or innocent misrepresentation.
> 3. In favor of [IMC] and against [Taycom] for reasonable attorney fees, costs and interest in the amount of $22,405.76.
>
> As to the claim of Respondents:
> 1. In favor of [Taycom] and against [IMC] for set off in the amount of $25,000.
>
> Accordingly, it is award as follows:
> [Taycom] shall pay to [IMC] the sum of $94,514.86.
> . . . .
> This award is in full resolution of all claims and counterclaims submitted to this arbitration. All claims not expressly granted herein are hereby denied.

On September 17, 2009, the federal district court, on stipulation from the parties, lifted the stay and

confirmed the arbitration award in the amount of $97,252.36 plus pre- and post-judgment interest

"owing to IMC from Taycom." Also on September 17, 2009, the federal district court entered

judgment in the amount of the arbitration award including attorneys' fees and costs. The case

retained the original caption between IMC and Taycom, with no reference to Bishop.

After entry of the judgment, IMC's counsel conducted a creditor's examination of Dante

Bishop on October 2, 2009. During the examination, IMC's counsel sought to gather information

from Bishop, under oath, regarding Taycom's ability to pay the judgment awarded to IMC. The

examination revealed a number of facts that ultimately led the district court to pierce Taycom's

corporate veil and enter judgment personally against Bishop. Bishop, a licensed certified public

accountant, answered a series of questions regarding the establishment of Taycom. Taycom was established as a C-corporation in 1997, meaning that its earnings were subject to corporate income tax. Bishop and his wife, Vonnita Bishop, were the only principals and shareholders; Bishop owned approximately 92% and Vonnita owned approximately 8%. The two split all of the officer positions and provided all of the initial capital as well as additional capital as it was later needed. Taycom's business was to "provide clients with recruiting services for professionals in either technology or accounting"; sometimes this task was performed directly by Taycom, and sometimes this was subcontracted to an intermediary (such as IMC). The company began with no employees or subcontractors, but by 2007 approximately thirty people were "getting money out of Taycom," including employees, contractors, and subcontractors. The company went from moderate to substantial to zero prosperity—in 2006, the Bishops' combined salary from Taycom was $50,000; in 2007, it was $190,000; in 2008, it was $8,000; and in 2009, they received no salary.

Bishop is also the managing member of Innosynth Technologies, L.L.C. ("Innosynth"), which "develop[s] web applications for prospective licensing to clients." Innosynth was created as Taycom was beginning to experience financial hardship in the fall of 2008. At the time of the creditor's examination, Innosynth had no bank account, nor had it made any financial transactions or acquired any assets beyond one code, which will not generate revenue until it is sold. Innosynth had, however, three or four times sent checks or wired money to an individual named Prince Gupta.

Throughout the course of Taycom's existence, the Bishops authorized the payment of funds from Taycom's accounts to their personal bills. Bishop stated that, rather than having Taycom pay him money owed as income or repayment for his "loans" to the company, he authorized money to

flow directly from Taycom to his personal expenses. This took the form of a number of payments—many years of mortgage payments, personal expenses such as cellular telephone bills and home electric bills, and expenses of his other corporation, Innosynth. These personal payments continued even when Taycom had no income. According to Bishop, he and Vonnita would deposit funds from personal loans and gifts mostly from friends and family into a Taycom account and then use that money to continue paying personal expenses. Additionally, Bishop revealed that Taycom's books were slightly misleading in that, although receivables are on the books, those receivables "should all be written off such that there is not a current net receivable to Taycom for all practical purposes." During the examination, Bishop did, however, promise to sign over a receivable for approximately $50,000 to IMC so that IMC could pursue this receivable to fulfill a portion of its judgment.

Following the judgment and the creditor's examination, IMC filed a motion on November 24, 2009, to pierce the corporate veil of Taycom, entitled "Plaintiff's motion to pierce the corporate veil of defendant Taycom Business Solutions, Inc. and enter judgment against Dante V. Bishop and Vonnita Bishop personally, and against Innosynth Technologies, L.L.C., jointly and severally." The motion was filed in the original case captioned "International Millennium Consultants, Inc. v. Taycom Business Solutions, Inc." In its motion, IMC argued that the Bishops abused the corporate form of Taycom and used Taycom as a mere instrumentality to perpetrate fraud because Taycom paid the Bishops' residential mortgage obligation and other personal expenses and because Bishop directed Taycom to transfer money to Innosynth resulting in Taycom's having no assets with which to pay IMC. In its response, Taycom asserted that it was irrelevant whether Taycom paid some of

the Bishops' personal expenses directly, that the arbitrator had already determined that Taycom and Bishop had not committed fraud, and, finally, that Vonnita and Innosynth (with no mention of Bishop himself) were not parties to the case and could not be held liable.

The district court initially granted IMC's motion in its entirety, entering judgment in favor of IMC against Taycom, Dante, Vonnita, and Innosynth, jointly and severally. The district court concluded that Taycom was indeed a "mere instrumentality" of the Bishops; that Taycom was used to commit a wrong and, as a result, IMC suffered an unjust loss; and that the court should, as Bishop did, treat Taycom and Innosynth as one. The case caption remained the same. The district court altered this order slightly in response to Taycom's motion to reconsider. It concluded that "Vonnita Bishop and Innosynth cannot be held liable for the judgment entered by ths Court" but maintained that personal liability was to be imposed on Bishop.

After these proceedings, the deputy clerk of the court certified a Notice of Judgment Lien, in which IMC was listed as the plaintiff, IMC was listed as the judgment creditor, Taycom was listed as the defendant, and Bishop was listed as the judgment debtor. Writs of garnishment issued as to Taycom and as to Bishop. Ultimately, Bishop filed a notice of appeal, in which the caption named both Taycom and Bishop as defendants for the first time in the course of the litigation. The caption has continued to name both since the appeal began.

## II.

On appeal, Bishop argues that the district court incorrectly granted IMC's motion to pierce the corporate veil of Taycom and to hold Bishop personally liable for the judgment entered against Taycom. We will not reach the merits of this question. Given the procedural status of this case, the

district court had no authority to issue an order entering judgment against Bishop personally. Thus, we vacate the district court's order.

Initially, we note the obvious: Bishop was not a party to this proceeding. He was not served with process, nor was relief sought against him at any time prior to the filing of this post-trial motion to enter judgment against him. That this situation might present a problem appears not to have occurred to anyone, even on appeal.

The parties dispute the nature of the motion filed by IMC in an effort to pierce Taycom's corporate veil. IMC's initial motion was entitled merely a motion "to pierce the corporate veil . . . and enter judgment." IMC made no effort to base its motion on a specific rule of state civil procedure. Taycom's opposition to IMC's motion framed IMC's motion as "essentially a motion for summary judgment," and IMC seemed to concede this by reciting in its reply brief the standard for summary judgment under Federal Rule of Civil Procedure 56. The district court made no mention of what type of motion was actually before the court beyond characterizing it as a motion to pierce the corporate veil. On appeal Bishop maintains that the motion was essentially a motion for summary judgment. IMC argues that this court should view it as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

IMC's motion in no way resembles a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is a pretrial—and, thus, prejudgment—motion. Fed. R. Civ. Pro. 56; *see also Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 130 (2d Cir. 1999) ("Once trial began, the summary judgment motion [] effectively became moot." (quoting *Black v. J.I. Case*

*Co.*, 22 F.3d 568, 571 (5th Cir. 1994))). This motion was filed after judgment was entered, and thus summary judgment was no longer appropriate.

IMC's motion also could not have been premised on Federal Rule of Civil Procedure 59(e), which permits motions to alter or amend judgment. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. Pro. 59(e). The instant motion was filed on November 24, 2009, nearly 70 days after judgment was entered. We conclude that the motion to pierce Taycom's corporate veil was neither a motion for summary judgment nor a motion to alter or amend a judgment.

We will not attempt to advise the parties as to whether and how IMC might have properly sought to enforce its judgment against Bishop personally. We note only that Bishop's situation was no different procedurally from that of Vonnita Bishop and Innosynth, against whom the district court did not enter judgment. And we further note that it is incumbent upon the party seeking relief to provide a proper jurisdictional and procedural basis for that relief.[1]

## III.

For the foregoing reasons, we vacate the district court's order entering judgment against Bishop and remand the case to the district court.

---

[1]Arguably, IMC might have sought to enforce its judgment against Bishop under Federal Rule of Civil Procedure 69. If so, then Michigan law would likely guide the analysis. In addition, we observe that Federal Rule of Civil Procedure 71, the only rule referring to orders against nonparties, "does not undertake to say when an order can be made . . . against a person not a party." 12 Charles Alan Wright et al., Fed. Prac. & Pro. Civ. § 3031 (2d ed. Westlaw current through 2011 update).